**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER L. JOHNSON,

Petitioner-Appellant,

v.

ARI ZAVARAS; GAIL NORTON,
Attorney General of the State of Colorado,

Respondents-Appellees.

No. 97-1253
(D.C. No. 96-D-1462)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Christopher Johnson appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. He contends his state convictions of burglary and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

theft are invalid, arguing his arrest and the search of the residence where he was staying violated the Fourth Amendment and his statements to the police were coerced and not preceded by a valid advisement and waiver of his rights. An appeal cannot be taken to this court in a § 2254 proceeding unless the petitioner has obtained a certificate of appealability by making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. We deny a certificate of appealability and dismiss the appeal.

A federal court cannot grant a habeas application by a state prisoner if the claim was decided on the merits in state court, unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Federal courts must presume the state court's determination of factual issues was correct unless the prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The record of Johnson's appeal in state court indicates he challenged the constitutionality of the arrest, the search, and the statements. The state courts decided those claims on the merits, concluding the arrest and search were lawful and Johnson's statements to the police were voluntary. Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the petitioner had an opportunity for full and fair litigation of the claim in state court. Stone v. Powell, 428 U.S. 465, 494 (1976). Johnson had a full and fair opportunity to litigate his Fourth Amendment claims

in state court and federal habeas relief cannot be granted on those grounds.

Although Fifth Amendment and <u>Miranda</u> claims are cognizable on federal habeas review, <u>see</u> <u>Withrow v. Williams</u>, 507 U.S. 680, 688-94 (1993), Johnson has not shown the state court decision violated clearly established federal law or that it was based on an unreasonable determination of factual issues. While a confession induced by improper promises is involuntary, <u>see</u> <u>Arizona v. Fulminante</u>, 499 U.S. 279, 285-86 (1991), in concluding Johnson's statements were voluntary, the state court specifically found police witnesses were more credible than Johnson, that Johnson was properly advised of his rights before making his statements to the police, and the police made no threats or promises. A state court's determination of the voluntariness of a confession is not an issue of fact presumed correct under § 2254, but an underlying factual determination that the police did not engage in coercive conduct is presumed correct. <u>Miller v. Fenton</u>, 474 U.S. 104, 110, 112 (1985). Because the state court found no threats or promises were made, Johnson's involuntary confession claim fails and the finding that he was properly advised of his rights before making his statements disposes of his <u>Miranda</u> claim.

We DENY a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge